THE STATE EX REL. DRUGGAN *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. Druggan v. Indus. Comm.* (1999), 85 Ohio St.3d 683.]

(No. 96–2258—Submitted March 9, 1999—Decided June 23, 1999.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for relator.

*Betty D. Montgomery,* Attorney General, and *Michael A. Vanderhorst,* Assistant Attorney General, for respondent Industrial Commission of Ohio.

*Porter, Wright, Morris & Arthur* and *Karl J. Sutter,* for respondent Kinnear Division, Harsco Corporation.

---

*Per Curiam.* R.C. 4123.651(C) reads:

"If, without good cause, an employee refuses to submit to any examination scheduled under this section * * *, his right to have his claim for compensation or benefits considered, if his claim is pending before the administrator, commission, or· a district or staff hearing officer, or to receive any payment for compensation or benefits previously granted, is suspended during the period of refusal."

Claimant ignored, or failed to cooperate with, three scheduled medical examinations. The commission, acting on the statute, then suspended his claim. Claimant's challenge is largely premised on his belief that suspension was improper because the exam was improper. In the same vein, he asserts that he had good cause not to attend the examination because it would have exceeded the scope of TENS use. Again, these arguments are nothing more than speculation, and speculation does not equal good cause.

Claimant states that suspension violated due process because the suspension order itself was issued without hearing. This argument fails. The district and staff hearings were both generated in part by Harsco's motion to suspend. Moreover, the August 16, 1995 exam notice to claimant indicated in boldface that claimant's benefits could be stopped by refusal to attend. Claimant was, therefore, on notice of the potential suspension and had two hearings at which to present his defense.

Claimant, in a related argument, attacks the suspension order, claiming that the commission was not authorized to issue it. R.C. 4123.651(C) says otherwise.

Finally, claimant argues that the order contained insufficient evidentiary findings. Claimant, however, ignores that there was no evidence to weigh, and thus no findings to make. Claimant skipped three exams, and the statute states that under these circumstances benefits must be suspended. There is nothing more the order needed to say.

The writ of mandamus is hereby denied.

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.