[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 683.]

THE STATE EX REL. DRUGGAN *v*. INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. Druggan v. Indus. Comm*., 1999-Ohio-336.]

*Workers' compensation—Mandamus to compel Industrial Commission to vacate its suspension of relator's workers' compensation claim—Writ denied when relator ignored or failed to cooperate with three scheduled medical examinations.*

(No. 96-2258—Submitted March 9, 1999—Decided June 23, 1999.)

IN MANDAMUS.

———————————

{¶ 1} Relator-claimant, Harold W. Druggan, injured his low back at respondent Kinnear Division, Harsco Corporation, in 1986. In 1992, Harsco, as a self-insured employer, authorized treatment with a transcutaneous electrical nerve stimulation ("TENS") unit.

{¶ 2} Sometime in 1994, Harsco questioned the continuing appropriateness of TENS treatment. This inquiry was based on (1) an article in the New England Journal of Medicine[1] that questioned the value of TENS units and (2) what Harsco considered to be nonresponsive answers from claimant's attending physician on continued use of TENS.

{¶ 3} Harsco then scheduled claimant for a medical examination, which claimant refused to attend. As a result, Harsco quit paying the TENS bills. These events prompted claimant's motion for an order to pay outstanding TENS bills and Harsco's motion to suspend the claim pending claimant's attendance at the medical evaluation.

———————————

1. Deyo, Walsh, Martin, Schoenfeld & Ramamurthy, A Controlled Trial of Transcutaneous Electrical Nerve Stimulation (TENS) and Exercise for Chronic Low Back Pain (1990), 322 New England J. of Medicine 1627.

{¶ 4} A district hearing occurred before respondent Industrial Commission of Ohio on February 23, 1995. The resulting order, for reasons unknown, addressed only claimant's motion and ordered "continued payment for the T[E]NS." Harsco and claimant both appealed.

{¶ 5} The May 17, 1995 staff hearing addressed not only the two appeals but Harsco's outstanding motion as well, noting that the latter had actually been argued before the district hearing officer. The staff hearing officer ruled that Harsco had the right to examine claimant on the issue of continued necessity for TENS treatments. It affirmed the district hearing officer's order in all other respects. The order did not indicate whether the matter was to be reset for hearing after the medical examination took place. Claimant responded with a complaint in mandamus in the Court of Appeals for Franklin County, challenging Harsco's right to an examination. Harsco, hoping perhaps to reopen the issue of claimant's entitlement to permanent total disability benefits awarded earlier, filed a cross-complaint, challenging the commission's right to limit the exam to the necessity of TENS.

{¶ 6} While that mandamus action was pending, Harsco scheduled claimant for another medical evaluation. Claimant again refused to attend. Harsco responded with another motion to suspend. A staff hearing officer granted the motion, and the commission refused reconsideration. Claimant responded with this original action in mandamus in this court, seeking an order to the commission to vacate its suspension of his claim.

{¶ 7} This cause is now before this court as an original action in mandamus.

––––––––––––––––––

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for relator.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for respondent Industrial Commission of Ohio.

*Porter, Wright, Morris & Arthur* and *Karl J. Sutter*, for respondent Kinnear Division, Harsco Corporation.

_____

***Per Curiam.***

**{¶ 8}** R.C. 4123.651(C) reads:

"If, without good cause, an employee refuses to submit to any examination scheduled under this section * * *, his right to have his claim for compensation or benefits considered, if his claim is pending before the administrator, commission, or a district or staff hearing officer, or to receive any payment for compensation or benefits previously granted, is suspended during the period of refusal."

**{¶ 9}** Claimant ignored, or failed to cooperate with, three scheduled medical examinations. The commission, acting on the statute, then suspended his claim. Claimant's challenge is largely premised on his belief that suspension was improper because the exam was improper. In the same vein, he asserts that he had good cause not to attend the examination because it would have exceeded the scope of TENS use. Again, these arguments are nothing more than speculation, and speculation does not equal good cause.

**{¶ 10}** Claimant states that suspension violated due process because the suspension order itself was issued without hearing. This argument fails. The district and staff hearings were both generated in part by Harsco's motion to suspend. Moreover, the August 16, 1995 exam notice to claimant indicated in boldface that claimant's benefits could be stopped by refusal to attend. Claimant was, therefore, on notice of the potential suspension and had two hearings at which to present his defense.

**{¶ 11}** Claimant, in a related argument, attacks the suspension order, claiming that the commission was not authorized to issue it. R.C. 4123.651(C) says otherwise.

**{¶ 12}** Finally, claimant argues that the order contained insufficient evidentiary findings. Claimant, however, ignores that there was no evidence to weigh, and thus no findings to make. Claimant skipped three exams, and the statute states that under these circumstances benefits must be suspended. There is nothing more the order needed to say.

**{¶ 13}** The writ of mandamus is hereby denied.

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____